Shaucic, C. J.
It is said that the circuit court was of the opinion that, upon the trial, the court of common pleas had committed errors other than the giving of the instruction quoted in the statement of the case, 'and that it erred in overruling the motion for a new trial upon the grounds therein stated, one of them being that the verdict was contrary to the weight of the evidence, that being a ground upon which this court would not review the judgment. The entry of judgment in the circuit court specifies the instruction quoted as the error found in the record, and states it as the sole basis of its judgment of reversal. The duty of the circuit court in the premises is plainly prescribed by Section 6709, Revised Statutes, which provides that: “All errors assigned in the petition in error shall be passed upon by the court, and in every case where a judgment or order is reversed and remanded for a new trial or hearing, the circuit court shall, in its mandate to the court below, state the error or errors found in the record upon which the judgment is founded.”
It must be presumed that the circuit court is aware of this provision of the statute and of the *174 pertinent construction which this court placed upon it in Kramer v. T. & O. C. R. R. Co., 53 Ohio St., 436. In the performance of its plainly prescribed duty it passed upon all the errors assigned in the petition in error presented to it, and stated the instruction referred to as the only basis of its judgment of reversal. This necessarily implies that it overruled all other assigments of error though such overruling be not expressly stated in the judgment- entry.
It is further urged that not enough of the record is printed to enable us to reverse the judgment of the circuit court though we may think it' erroneous upon the ground stated. The view presented is that if the circuit court properly reversed the judgment of the court of common pleas it can not be material whether it based its judgment on a sufficient ground or not; and that the portion of the record which has been printed will not enable us to determine that the circuit court should not have rendered the same judgment because of other errors assigned there. That we could not, upon this printed record, pass upon all the errors assigned in the circuit court is obvious. But the conclusion suggested does not follow, since the reason which conducts to it is variant from recent legislation and adjudication looking to greater simplicity in proceedings in error, that being in proper recognition of their remedial character. When the statute and the decision referred to are considered in connection with the provisions of Section 6711 of the Revised Statutes that “when a petition in error is filed i-n the Supreme Court so much of the record to be reviewed as will show the error complained of shall be printed” it be *175 comes apparent that a proceeding in error instituted here for the reversal of a judgment of the circuit court meets a prima facie presumption in favor of the regularity of the entire record in the circuit court. When the review is in a case in which that court has reversed a judgment of the court of common pleas the presumption extends not only to the grounds stated by it as the basis of the judgment of reversal, but as well to all the grounds of error assigned there which it has adjudged, whether expressly or by implication, not to be well taken. By whom should that presumption be overcome if not by him who desires that the error be made to appear? In accordance with the view suggested, if the present defendant in error desired to present here in support of the judgment of reversal which it had.recovered in the circuit court an assignmént of error which it believés to have been erroneously overruled by that court, whether the ruling was express or implied, it would have followed correct and established practice by printing and filing here within the time prescribed for filing its brief such further portions of the record as would make that error appear. Since it has not taken that course, and since the printed record which the plaintiff in error has filed presents all of the record that is material to the grounds of reversal stated by the circuit court in the entry of its judgment, the case is before us for decision upon the sufficiency of that ground.
From a consideration of familiar principles of the law of negligence illustrated in numerous cases, some of which are cited in the brief of plaintiff’s counsel, it is apparent that in such circumstances *176 as were alleged in the petition and shown by the plaintiffs evidence the duty of a railroad company operating trains over a highway at grade is not limited to the giving of signals by bell and whistle. These signals are required at grade crossings in the open country, and the, elementary rule that the degree of care to be exercised is determined by the danger to be apprehended should require additional precaution when the crossing is in a denser population and when structures maintained near the track obscure the view of approaching trains. This view of the subject was taken by.'this court in Railway Co. v. Schneider, 45 Ohio St., 678. The rule upon the subject has been correctly stated to be that “where the surroundings are such as to render a crossing particularly dangerous it is the duty of the company to exercise care’ commensurate with the danger and especially if the company has created unusual danger at or near a crossing, it must meet such peril' with additional precautions.” But the difference between the obligation of the company thus stated and that prescribed in the instruction given in the present case is obvious. According to the instruction the company is, in such circumstances, the insurer of the safety of all who attempt to cross its tracks exercising ordinary care. The • obligation of the company “to take such .precautions to warn travelers on the public highway that notwithstanding such obstructions they by the use pf ordinary care can avoid injury,” would leave no place for accidents or such fortuitous happenings as may result from causes which would not be observed by ordinary care exercised by either or both of the parties, and which ordi *177 nary prudence would not anticipate.' Such a rule, if recognized and enforced, would make the company liable for injuries resulting from the negligence of others than parties to the ■ suit. Indeed, in such situations it would be an inexpensive and effective substitute for a policy of insurance against accidents.

Judgment affirmed.

Crew, Summers, Spear and Davis, JJ., concur.